BTXN 138 (rev. 09/22)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| In Re:<br>Watchtower Firearms, LLC<br><br><br>Watchtower Firearms, LLC<br><br>vs.<br>Dion Podgurny  et al.<br><br><br>Watchtower Firearms, LLC<br><br>vs.<br>Dion Podgurny et al. | Debtor(s)<br><br>Plaintiff(s)<br><br>Defendant(s)<br><br>Plaintiff(s)<br><br>Defendant(s) | § § § § § § § § § § § § § § § § § § § § §<br>Case No.:    25−40684−mxm11<br>Chapter No.:   11<br><br>Adversary No.:   25−04038−mxm<br><br>Civil Case No.:    4:25-cv-01228-O |

## NOTICE OF TRANSMITTAL REGARDING WITHDRAWAL OF REFERENCE

I am transmitting:

☐ One copy of the Motion to Withdraw Reference (USDC Civil Action No. − DNC Case) **NOTE**: A Status Conference has been set for  at , in _ before U.S. Bankruptcy Judge _. The movant/plaintiff, respondent/defendant or other affected parties are required to attend the Status Conference.

☑ One copy of:  "Report and Recommendation to the United States District Court on the Motion to Withdraw the Reference" entered by Judge Mark X. Mullin on December 8, 2025 .


DATED:  12/9/25

FOR THE COURT:
Stephen J Manz, Clerk of Court

by: /s/Myah Trevino, Deputy Clerk



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 8, 2025**

**United States Bankruptcy Judge**

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WATCHTOWER FIREARMS, LLC, | § | CASE NO. 25-40684-MXM-11 |
| | § | |
| DEBTOR. | § | CHAPTER 11 |
| | § | |
| WATCHTOWER FIREARMS, LLC, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | ADV. NO. 25-4038-MXM |
| | § | |
| DION PODGURNY; F-1 FIREARMS, LLC, | § | |
| | § | |
| DEFENDANTS. | § | |

### REPORT AND RECOMMENDATION TO THE UNITED STATES
### DISTRICT COURT ON THE MOTION TO WITHDRAW THE REFERENCE
*[Relates to Adv. ECF No. 86]*

This Adversary Proceeding is not your typical isolated litigation matter between litigants.

Rather, this Adversary Proceeding represents one of several pending lawsuits and disputes between

these (and related) litigants. Consequently, for the reasons detailed below, this Court respectfully

recommends that the United States District Court delay granting the *Defendants' Motion to Withdraw Reference* (the "***Motion***")[1] filed by Defendants Dion Podgurny ("***Mr. Podgurny***") and F-1 Firearms, LLC ("***F-1***") (together, the "***Defendants***") until the parties are ready for trial, at which time the Court will certify to the District Court that the parties are ready for trial.

Pursuant to Local Bankruptcy Rule 5011-1, the Court held a status conference on the Motion at which counsel for Plaintiff Watchtower Firearms, LLC ("***Watchtower***") and the Defendants participated. Before responding to the specific questions required under Local Bankruptcy Rule 5011-1, this Court will briefly summarize the litigation history between these (and related) parties to assist the District Court in contextualizing the Motion, this Adversary Proceeding, and their effect and potential impact on other litigation and disputes pending between these (and related) parties.

## I.    LITIGATION HISTORY BETWEEN THESE (AND RELATED) PARTIES

Watchtower was formed for the purpose of acquiring the assets and firearm manufacturing business from Defendant F-1, which is owned by Defendant Mr. Podgurny. At or about that same time in April 2023, Watchtower signed a *Commercial Lease* with PFT Texas, LLC (the "***Landlord***"), which is also owned by Mr. Podgurny. Under the Commercial Lease, Watchtower leased the Lease Premises from which F-1 and then Watchtower conducted the firearm manufacturing business.

Within a year after Watchtower acquired the business from Defendant F-1 and executed the Commercial Lease with Landlord, the parties began filing lawsuits against one another for various alleged claims and causes of action including defamation, business disparagement, breach

---

[1] Adv. 25-4038 ECF No. 86.

of contract, tortious interference, and a multitude of issues concerning the Commercial Lease and

the Lease Premises, *to wit*:

- Watchtower filed the First Lawsuit[2] against Mr. Podgurny and Landlord. On March 14, 2025, Landlord removed the First Lawsuit to the United States Bankruptcy Court for the Southern District of Texas—Houston Division, Adv. Proc. No. 25-03074, where the First Lawsuit remains pending.

- Landlord filed the Second Lawsuit[3] against Watchtower. The Court has no update on the status of the Second Lawsuit.

- Landlord filed the Third Lawsuit[4] against Watchtower. The Court has no update on the status of the Third Lawsuit.

- Landlord filed the Fourth Lawsuit[5] against the Mr. Jason Colosky (the CEO of Watchtower) and other affiliated defendants. On July 3, 2025, Mr. Colosky removed the Fourth Lawsuit to the United States District Court for the Southern District of Texas—Houston Division, Civil Action No. 4:25-cv-03108 where the Fourth Lawsuit remains pending.

- Mr. Podgurny filed criminal assault charges against certain employees of Watchtower with the Harris County Constable's Office Pct. 4, Case No. 2407-02864. The criminal assault case was subsequently closed.

- On November 19, 2025, Landlord filed a Motion to Lift Stay[6] in the above-captioned Bankruptcy Case, seeking to lift the Section 362 automatic stay, if applicable, to file a lawsuit against Mr. Colosky and other current or former employees of Watchtower and CK Strategic Partners and its subsidiary.[7] The final hearing on the Motion to Lift Stay is set on January 14, 2026.

  - In its Motion to Lift Stay, Landlord contends that the named non-debtor parties damaged the Lease Premises *after* Watchtower moved out of the Lease Premises and turned the Lease Premises over to Landlord on or about

---

[2] *Watchtower Firearms, LLC, v. PFT Texas, LLC and Dion Podgurny,* Cause No. 2024-47878 filed in the 80th Judicial District Court, Harris County, Texas (the "***First Lawsuit***").

[3] *PFT Texas LLC (Landlord) v. Watchtower Firearms LLC (Tenant),* Cause No. 244100444357 filed in Precinct No. 4 Place 1 of the Justice Court of Harris County, Texas (the "***Second Lawsuit***").

[4] *PFT Texas, LLC v. Watchtower Firearms, LLC,* Cause No. 1242941 filed in County Court at Law No. Three, Harris County, Texas (the "***Third Lawsuit***").

[5] *F-1 Firearms, LLC, Dion Podgurny, et al v. Jason Colosky, et al,* Cause No. 25-05-08364 filed in the 457th Judicial District Court of Montgomery County, Texas (the "***Fourth Lawsuit***").

[6] *Defendant PFT Texas, LLC's Motion to Lift Stay*, Bkr. 25-40684 ECF No. 372 (the "***Motion to Lift Stay***").

[7] As detailed below, CK Strategic Partners acquired substantially all of Watchtower's assets in a sale approved by the Court on August 27, 2025. *See* Bkr. 25-40684 ECF No. 307.

November 12, 2025. It is uncontroverted that on or about November 12, 2025, Watchtower turned the Lease Premises over to Landlord. Thereafter, on November 19, 2025, Watchtower filed a Notice[8] which effectively provided for the deemed rejection of the Commercial Lease under Section 365 of the Bankruptcy Code. Consequently, the deadline for Landlord to file a proof of claim in the above-captioned Bankruptcy Case for its lease rejection damages claims, if any, has not passed. Of course, the resolution of any such disputed claims against the Watchtower bankruptcy estate constitutes a core matter over which the Court has statutory and constitutional authority to enter final orders and judgments.

o During the status conference on the Motion, because Watchtower turned over the Lease Premises to Landlord on or about November 12, 2025, and because the Commercial Lease has been deemed rejected in the bankruptcy case, counsel for Watchtower stated on the record that he believes ***the appeal currently pending before the United States District Court in 4:25-cv-01112-O*** (the "***Lease Rejection Appeal***") is now moot. Landlord's counsel (appellant in the appeal) did not respond to Watchtower's counsel's statement. The Court responded that it has no jurisdiction over the Lease Rejection Appeal.

The First Lawsuit, Second Lawsuit, and Third Lawsuit were each stayed by the Section 362 Automatic Stay when Watchtower filed the above-captioned Bankruptcy Case. To date, the automatic stay has not been lifted to permit either of those litigation matters to proceed. The Fourth Lawsuit was filed after Watchtower filed its bankruptcy case, but Watchtower is not a named party.

On March 12, 2025, Watchtower filed its Complaint,[9] initiating the above-captioned Adversary Proceeding. Watchtower's Amended Complaint[10] constitutes the pending live action and includes the following counts:

- Count One: Defamation—Against Defendant Podgurny;

- Count Two: Business Disparagement—Against Defendant Podgurny;

---

[8] *Notice of Withdrawal of Motion of Debtor to Assume Nonresidential Real Property Lease with PFT Texas LLC*, Bkr. 25-40684 ECF No. 375 (the "***Notice***").

[9] *Plaintiff's Original Complaint and Application for Injunctive* Relief, Adv. 25-4038 ECF No. 1 (the "***Complaint***").

[10] *Plaintiff's Amended Complaint and Application for Injunctive* Relief, Adv. 25-4038 ECF No. 27 (the "***Amended Complaint***").

- Count Three: Breach of Contract—Against Defendant F-1;

- Count Four: Tortious Interference with Business Relationships—Against Defendant Podgurny; and

- Count Five: Preliminary Injunction Pursuant to Section 105 of the Bankruptcy Code.

The Defendants filed an answer and affirmative defenses to the Amended Complaint, and they made a jury demand.[11]

On March 13, 2025, Watchtower filed a motion for an expedited hearing on its application for injunctive relief (sought in Count Five of the Complaint). The parties agreed to the entry of an *Agreed Order*[12] to temporarily address the injunction relief sought by Watchtower during the pendency of its above-captioned Bankruptcy Case. The Agreed Order provided, in part:

> Each Party as of the date of this Order, shall not make or authorize the publication of any public statement (including on social media, in press releases, interviews, through intermediaries, or in group communications to employees, vendors, shareholders, contractors, or other third parties) that directly or indirectly disparages, defames, accuses, or otherwise casts the other Party in a negative light.[13]

On August 27, 2025, the Court entered a Sale Order[14] authorizing Watchtower to sell substantially (but not all) of its assets and business to CK Strategic Partners. The sale closed on August 29, 2025.[15]

---

[11] *Defendants' Answer & Affirmative Defenses to Plaintiff's First Amended Complaint & Application for Injunctive Relief*, Adv. 25-4038 ECF No. 74.

[12] Adv. 25-4038 ECF No. 53.

[13] *Id.* at pg. 2.

[14] *Order (A) Approving Asset Purchase Agreement Between the Debtor and the Successful Bidder; (B) Authorizing the Sale of Substantially all of the Debtor's Assets Free and Clear of Liens, Claims, Encumbrances, and Interests; (C) Authorizing the Assumption and Assignment of Designated Contracts; and (D) Granting Related Relief*, Bkr. 25-40684 ECF No. 307 (the "**Sale Order**").

[15] *See Notice of Closing of Sale to CK Strategic Partners, LLC*, Bkr. 25-40684 ECF No. 308.

On November 11, 2025, Defendants filed a Motion to Dissolve the Agreed Order,[16] which the Court orally granted on November 24, 2025.[17]

On November 21, 2025, Watchtower filed a *Motion to Dismiss Without Prejudice*[18] seeking to dismiss the above-captioned Adversary Proceeding. The Defendants oppose the dismissal of the Adversary Proceeding.[19]

On November 24, 2025, Defendants filed a Motion for Summary Judgment.[20] Response deadlines to the Defendants' summary judgment motion have been abated by the Court pending the District Court's ruling on the Motion.

## I.    REPORT AND RECOMMENDATION
## PURSUANT TO LOCAL BANKRUPTCY RULE 5011-1

Pursuant to Local Bankruptcy Rule 5011-1, the Bankruptcy Court has considered and determined the following:

1)    **Whether any response to the Motion to Withdraw the Reference was filed.**

No response to the Motion was filed but all the parties participated in the status conference.

2)    **Whether a Motion to Stay the Proceeding Pending the District Court's Decision on the Motion to Withdraw the Reference has been filed, in which court the Motion was filed, and the status (pending, granted, or denied) of the Motion.**

Although no party has filed a motion to stay this Adversary Proceeding pending the District Court's decision on the Motion, the Court has abated all pending matters in this Adversary

---

[16] *F-1 Firearms LLC, and Dion Podgurney's Opposed Motion to Dissolve Gag Order*, Adv. 25-4038 ECF No. 92 (the "**Motion to Dissolve the Agreed Order**").

[17] To date, counsel for Defendants have not uploaded the proposed form of order granting the Motion to Dissolve the Agreed Order.

[18] Adv. 25-4038 ECF No. 99.

[19] *See Opposition to Motion to Dismiss Without Prejudice*, Adv. 25-4038 ECF No. 104.

[20] *Defendants' Motion for Summary Judgment*, Adv. 25-4038 ECF No. 105.

Proceeding until after the District Court has had an opportunity to rule on the Motion.

> **3)    Whether the proceeding is core, non-core, or both, and with regard to the non-core and mixed issues, whether the parties consent to entry of a final order by the Bankruptcy Judge.**

Plaintiff's claims constitute non-core matters over which the Bankruptcy Court has statutory subject-matter jurisdiction but not constitutional authority to enter final orders or judgments without the consent of all the parties, and Defendants do not consent.[21]

> **4)    Whether a jury trial has been timely requested, and if so, whether the parties consent to the Bankruptcy Judge conducting a jury trial, and whether the District Court is requested to designate the Bankruptcy Judge to conduct a jury trial.**

Defendants have made a jury trial demand, and they do not consent to the Bankruptcy Court conducting a jury trial.[22]

> **5)    If a jury trial has not been timely requested or if the proceeding does not involve a right to jury trial.**

Not Applicable - see 4) above.

> **6)    Whether a scheduling order has been entered in the proceeding.**

Although an initial Scheduling Order[23] was entered in this Adversary Proceeding, a revised scheduling order will be necessary to schedule pending dispositive motions, discovery disputes and deadlines and, if necessary, a subsequent trial.

> **7)    Whether the parties are ready for trial.**

The parties are not ready for trial.

---

[21] Adv. 25-4038 ECF No. 74, pg. 9.

[22] *Id.*

[23] *Order Regarding Adversary Proceedings Trial Setting and Alternative Scheduling Order*, Adv. 25-4038 ECF No. 5 (the "***Scheduling Order***").

7

Should the District Court decide to delay granting the Motion to withdraw the reference until the parties are ready for trial, then the Court will hear both the Plaintiff's Motion to Dismiss Without Prejudice and the Defendants' Motion for Summary Judgment and either (i) enter final orders or judgments, or (ii) file proposed findings of fact and conclusions of law with the District Court, as may be appropriate. The Court will also hear pending motions to compel discovery that have been filed by Defendants.

**8)    Whether the bankruptcy judge recommends that (A) the motion be granted, (B) the motion be granted upon certification by the bankruptcy judge that the parties are ready for trial, (C) the motion be granted but that pre-trial matters be referred to the bankruptcy judge, or (D) the motion be denied.**

For the reasons detailed above, the Court respectfully recommends that the United States District Court delay granting the Motion filed by the Defendants until the parties are ready for trial, if necessary, at which time the Court will certify to the District Court that the parties are ready for trial.

**9)    Any other matters relevant to the decision to withdraw the reference.**

None.

**###   END OF REPORT AND RECOMMENDATION ###**

8